THISSEN, Justice (dissenting).
I join in Justice Lillehaug's dissent because I agree with his analysis of the legislative intent behind Minn. Stat. § 169A.276 (2018).
I write briefly because I find troubling the Department of Corrections' goalpost *403 moving. In 2009, the Department stated that appellant Donald Heilman's "conditional release" was revoked. As the majority points out, "[t]hat which has not begun cannot be revoked." Nonetheless, in 2014, the Department switched positions, claiming conditional release did not start until December 2010. And then, several weeks later, the Department again switched course, claiming a new policy of "underincarceration." The Department's conduct is unacceptable when an individual's freedom is at stake and contributes to a sense that the criminal justice system is arbitrary and unfair. If there is a justification for the Department's indecision, it is due in part to the proliferation of conditional-release provisions with different rules for different crimes and the Legislature's enactment of a variety of early-release provisions, e.g., private employment of inmates, Minn. Stat. § 241.26 (2018) ; intensive supervised release, Minn. Stat. §§ 244.12 -.15 (2018); the Challenge Incarceration Program, Minn. Stat. §§ 244.17 -.173 (2018), each with different qualifying conditions and rules.
Attachment *404 *405 *406 *407 *408 *409 *410 *411 *412 *413 --------